UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. HOLDEN,<br>Plaintiff,<br>v.<br>JPMORGAN CHASE BANK, N.A., and DOES 1 through 25, inclusive,<br>Defendants. | Case No.: 3:26-cv-00533-JES-JAC<br>**ORDER GRANTING MOTION TO DISMISS**<br>**[ECF No. 4]** |

Before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("Defendant") motion to dismiss the Complaint. ECF No. 4. Plaintiff David W. Holden ("Plaintiff") filed an opposition and Defendant filed a reply. ECF Nos. 5, 7. The Court heard oral argument on March 11, 2026, and took the matter under submission. ECF No. 8. For the reasons stated below, the Court **GRANTS** the motion to dismiss without leave to amend.

## I. BACKGROUND

### A. Procedural Background

On December 17, 2025, Plaintiff filed this civil action in the San Diego Superior Court alleging six causes of action: (1) negligence; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) aiding and abetting breach of fiduciary duty; (5) negligent interference with prospective economic advantage; and (6) declaratory

relief. ECF No. 1-2 at 14-17. On January 28, 2026, Defendant removed this action to federal court. *See generally* ECF No. 1 ("NOR"). On February 4, 2026, Defendant filed a motion to dismiss. ECF No. 4.

**B. Factual Background**

Plaintiff was a founding member and manager of Royale Management Group, LLC ("RMG"). ECF No. 1-2 ("Compl.") ¶ 6. RMG maintained a commercial deposit account with Chase Bank (the "RMG Account"). *Id.* ¶ 7. Plaintiff was an authorized signer on the RMG Account. *Id.* ¶ 8. In or about January 2024, Plaintiff was removed as an authorized signer of the RMG Account at the request of another RMG member. *Id.* ¶ 11. Plaintiff was removed as an authorized signer without notice to Plaintiff. *Id.* Plaintiff disputed the removal and demanded restoration of access. *Id.* ¶ 14. Defendant refused to restore Plaintiff's access and refused to produce documentation justifying its actions. *Id.* ¶ 15. At all relevant times, the RMG Account was governed by Defendant's Deposit Account Agreement ("DAA"). *Id.* ¶ 17. After Plaintiff's removal as an authorized signer from the RMG Account, approximately $2,000,000 passed through the RMG Account in transactions from which Plaintiff was excluded. *Id.* ¶ 19. At the time of Plaintiff's removal, RMG was and remains party to a $5.96 million guaranteed purchase international distribution agreement. *Id.* ¶ 22.

Defendant asks the Court to consider the DAA, which includes the Business Signature Card and Add Partner/Member/Manager Form between Defendant and RMG under the incorporation by reference rule. ECF No. 4-1 ("Mot.") at 10-11. Although generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the complaint, a court may consider evidence on which the "complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (internal citation omitted). Even if a document is not attached to the complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the

document forms the basis of the plaintiff's claim. *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1121 (S.D. Cal. 2021).

Here, Plaintiff's complaint refers to the DAA between Defendant and RMG and uses the DAA to form the basis of Plaintiff's claims against Defendant. *See* Compl. ¶¶ 8, 17, 27, 30, 31, 33, 40. Further, Plaintiff does not oppose Defendant's request. Thus, the Court incorporates by reference the DAA, which includes the Business Signature Card and Add Partner/Member/Manager Form between Defendant and RMG, in considering this motion. The Business Signature Card lists RMG as the depositor and lists Plaintiff and two other individuals as signers on the account. ECF No. 4-3 at 6. It is undisputed that the RMG Account was a business account between Chase Bank and RMG.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

"[W]hen a plaintiff has claims against an unknown defendant, the plaintiff must still meet federal pleading standards when alleging facts against such defendants" in federal court. *Lomeli v. County of San Diego*, 637 F. Supp. 3d 1046, 1058 (S.D. Cal. 2022). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs "may refer to unknown defendants as 'Does'" at the pleading stage but Rule 8 nevertheless requires a plaintiff to "'allege specific facts showing how each particular doe defendant violated'" the plaintiff's rights. *Thomas ex rel. Thomas v. County of San Diego*, No. 20-cv-1979-CAB-MDD, 2021 WL 2715086, at *3 (S.D. Cal. July 1, 2021) (quoting *Keavney v. County of San Diego*, No. 19-cv-01947-AJB-BGS, 2020 WL 4192286, at *4 (S.D. Cal. July 21, 2020)); *see also Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (plaintiff "must set forth specific facts as to each individual defendant's" wrongdoing). A district court should dismiss claims against Doe defendants in a section 1983 suit when the complaint does not "even minimally explain how any of the unidentified parties … personally caused a violation of [the claimant's] constitutional rights." *Estate of Serna v. County of San Diego*, No. 20cv2096-LAB-MSB, 2022 WL 827123, at *3 (S.D. Cal. Mar. 18, 2022).

When a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. Federal Rule 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725-26 (9th Cir. 2000). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). In other words, if allowing a party to amend its pleading would be futile, district

courts properly decline to grant leave to amend. *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).

## III. REQUEST FOR JUDICIAL NOTICE

Before addressing the merits of the motion to dismiss, the Court first considers Defendant's request for judicial notice. Defendant requests the Court take judicial notice of two documents:

(1) Exhibit A, Complaint for Damages, Declaratory and Injunctive Relief, and Order Compelling Arbitration filed on December 17, 2025, in *David W. Holden v. JPMorgan Chase Bank, N.A., et al.*, Superior Court of California, County of San Diego, case number 25CU067233C;

(2) Exhibit B, Cross-Complaint filed on April 19, 2024, in *Royale Management Group, LLC v. David Wayne Holden, et al.*, California Superior Court, County of San Diego – Central Division, court case number 37-2024-00008152-CU-BC-CTL.

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

Plaintiff has not opposed Defendants' request for judicial notice of either document. Generally, material beyond the pleadings may not be considered in deciding a Rule 12(b)(6) motion. However, the court may consider matter subject to judicial notice without converting the motion into one for summary judgment. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). ("[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.") (citation omitted). Federal courts may take judicial notice of filings in other cases. "We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. County of Orange*, 682 F.3d 1126,

1132 (9th Cir. 2012). Thus, Exhibits A and B are both proper subjects of judicial notice and the Court **GRANTS** Defendant's request for judicial notice.

## IV. LEGAL ANALYSIS

Defendant argues that Plaintiff lacks standing to sue on behalf of RMG as he is not a party to the contract. Mot. at 12. Plaintiff fails to address this argument in his opposition and has thus conceded the argument. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."). Plaintiff's waiver constitutes sufficient grounds to grant Defendant's motion to dismiss. Nonetheless, the Court will conduct a brief analysis of Plaintiff's standing to sue on behalf of the RMG Account.

In his complaint, Plaintiff alleges that "[a]s an authorized signer who executed the signature card, Plaintiff possessed personal contractual and access rights under Defendant's deposit account agreement and brings this action solely in his individual capacity to redress injuries suffered by him personally." Compl. ¶ 8. However, as Defendant correctly argues, Plaintiff lacks standing to sue for a bank account held in RMG's name. Mot. at 12. The DAA lists RMG as the account holder, not Plaintiff. *See* ECF No. 4-3 at 6-9. Plaintiff is only an authorized signer on the RMG Account. *Id.* "[M]embers of [an] LLC hold no direct ownership interest in the company's assets (Corp. Code, § 17300)." *PacLink Commc'n Int'l v. Superior Court*, 90 Cal. App. 4th 958, 964 (2001). Thus, Plaintiff lacks standing to bring suit on a contract to which he is not a party. Defendant's motion to dismiss is **GRANTED** without leave to amend, as any amendment would be futile, because Plaintiff cannot assert standing to bring suit for any causes of action relating to the RMG Account.

//

//

//

//

## V. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss without leave to amend. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED**.

Dated: September 11, 2026



Honorable James E. Simmons Jr.
United States District Judge